IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE GARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1362-SMY |
| ) | |
| JOEY DeNEAL, ) | |
| and BRIAN BENNETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at the Saline County Jail ("Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant DeNeal choked her and that Defendant Bennett failed to respond to her grievance/complaint over the incident. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  At this early stage, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff states that in the afternoon of November 7, 2015, she "…was assaulted wrongly by the kitchen supervisor (Joey [Defendant DeNeal]) of the Saline County Jail.  He choked me around my neck and put me to sleep" (Doc. 1, p. 6).  She includes a "Voluntary Statement" written by her on November 11, 2015, which describes the incident in more detail.  She overheard a fellow inmate (Hamilton) tell Defendant DeNeal, who was picking up lunch trays, that he (Hamilton) had not eaten his lunch because he had been asleep.  Plaintiff's cell door was open.  She asked Defendant DeNeal to let Hamilton have his tray back, then stepped out of her cell and picked up the tray to hand it back to Hamilton.  Defendant DeNeal turned Plaintiff around, wrapped both his arms around her neck in a chokehold, and lifted her feet off the ground.  She was barely able to say, "I can't breathe," before she lost consciousness (Doc. 1, p. 5).  Plaintiff also includes statements from two fellow inmates who witnessed this event and who assert that Plaintiff did not threaten or resist Defendant DeNeal before or after he choked her (Doc. 1, pp. 8-9).

When Plaintiff regained consciousness, her vision was blurred and she was crying. Two other officers asked if she was okay. The entire incident took place in front of "the bubble," where other correctional officers could see everything on camera. After the assault, Plaintiff was given Ibuprofen for three days. She wrote to Defendant Captain Bennett (the Jail Supervisor) to complain about Defendant DeNeal's behavior, but he did not respond or interview Plaintiff about the incident.

Plaintiff does not request any relief from this Court. She left that section of the complaint blank (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth or Fourteenth Amendment excessive force claim against Defendant DeNeal, for choking Plaintiff on November 7, 2015;
>
> **Count 2:** Claim against Defendant Bennett for failing to respond to Plaintiff's complaint over the incident in Count 1.

Accepting Plaintiff's allegations as true, Count 1 shall proceed for further review in this action. However, Count 2 fails to state a claim upon which relief may be granted, and shall be dismissed.

**Count 1 – Excessive Force**

At the outset, the Court notes that Plaintiff's complaint does not disclose whether she was housed in the Jail on November 7, 2015 as a pretrial detainee or a convicted prisoner serving a sentence. Her status would determine which constitutional provision applies to her claim.

Claims brought by pretrial detainees pursuant to § 1983 arise under the Due Process Clause of the Fourteenth Amendment, while the Eighth Amendment governs claims brought by convicted prisoners. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010). The Due Process Clause prohibits conditions of confinement for pretrial detainees that amount to "punishment." *Board v. Farnham*, 394 F.3d at 477. *See also Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). As to a convicted prisoner, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline," but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

No matter which constitutional amendment applies, Plaintiff's factual allegations that she was choked to the point of unconsciousness by Defendant DeNeal are sufficient at this stage of the case to support a claim that his actions violated her civil rights. Accordingly, Plaintiff may proceed on the claim in **Count 1**.

As noted above, Plaintiff has not requested any form of relief (for example, money damages or an injunction) in her complaint. Plaintiff may correct this omission by submitting an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), and SDIL Local Rule 15.1.

**Count 2 – Failure to Respond to Complaint**

Plaintiff's pleading does not suggest that Defendant Bennett was present or otherwise aware of the incident at the time Defendant DeNeal choked her.  Instead, it appears that he learned of Defendant DeNeal's conduct only after Plaintiff wrote a complaint and sent it to Defendant Bennett.  Defendant Bennett never responded.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).  Nothing in the complaint indicates that Defendant Bennett was in any way personally involved in, or caused, the incident where Defendant DeNeal choked Plaintiff.  Furthermore, Defendant Bennett cannot be held liable in a civil rights claim merely because he was the Jail supervisor who held authority over Defendant DeNeal.  The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Plaintiff's statement of facts does not support a conclusion that Defendant Bennett was "personally responsible for the deprivation of a constitutional right." *Id.*

Similarly, an administrator who fails to respond to a complaint or grievance does not incur liability for the conduct that gave rise to the complaint.  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For these reasons, **Count 2** fails to state a claim upon which relief may be granted.  This claim and Defendant Bennett shall be dismissed from the action.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendant.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **BENNETT** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **DeNEAL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that her application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 25, 2016**

s/ STACI M. YANDLE
United States District Judge