## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE GARLAND, | ) |
|                    Plaintiff, | ) ) ) |
| v. | ) ) Civil Case No.  15-cv-01362-JPG-PMF |
| JOEY DENEAL, | ) ) ) |
|                    Defendant. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court for purposes of docket control.  On February 29, 2015, the Court assessed an initial partial filing fee (Doc. No. 6).  Payment was due by May 6, 2016 (Doc. No. 13).  The initial partial filing fee remains unpaid.  On numerous occasions, mail sent by the Clerk to plaintiff Stephanie Garland has been returned (Doc. Nos. 14, 15, 18, 20).  One of the items returned was an order to show cause directing Garland to show why her case should not be dismissed for failure to timely pay the initial partial filing fee (Doc. No. 16).

Dismissal for want of prosecution is an extraordinarily harsh sanction that should be used only when there is a clear record of delay or contumacious conduct or less drastic sanctions have been unavailing.  *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008).  The Court has evaluated all circumstances, including the frequency of Garland's failure to comply with deadlines, responsibility for mistakes, effect on the judicial calendar, prejudice caused to the defense, merit of the underlying claim, and any social objectives represented by the suit.  *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).  There is a clear record of delay here.  Mild sanctions would have no effect on an absent plaintiff.  The circumstances support only one conclusion: that plaintiff has lost interest in this litigation.

IT IS RECOMMENDED that this action be dismissed for nonpayment of the initial partial filing fee and for lack of prosecution.

SUBMITTED:  June 14, 2016.

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**